IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 04-cv-02291-WYD-CBS

RUBEN AGUILERA-HERNANDEZ,

      Petitioner,

v.

JEFF COPP, Special Agent in Charge,
DOUGLAS MAURER, Interim Field Director,
Immigration and Customs Enforcement,
Denver, Colorado,

      Respondents.

---

**ORDER**

---

THIS MATTER is before the Court on Respondents' Motion to Transfer Habeas

Petition to Court of Appeals ("Motion to Transfer"), filed May 17, 2005, Petitioner's

Motion Requesting Release of Petitioner, filed June 10, 2005, and upon a hearing on

the foregoing motions, held July 26, 2005.  During the hearing I heard argument from

counsel for both parties regarding the propriety of transferring Petitioner's Amended

Application for Writ of Habeas Corpus (hereinafter "Habeas Petition") to the United

States Court of Appeals for the Tenth Circuit.  This Order is meant to memorialize the

Court's orders made during the hearing which relate to the foregoing motions.

By way of background, Petitioner filed a Motion for Temporary Restraining Order

and an Application for Writ of Habeas Corpus on November 4, 2004, challenging his

expedited order of removal.[1]  In his Habeas Petition, Petitioner avers the September 19,

1999 Order of Expedited Removal was illegal because he was never accorded Due

Process of law during the initial deportation.  Habeas Pet. at 5.  At the conclusion of a

November 12, 2005 hearing, this Court granted Petitioner's Motion for Temporary

Restraining Order ("TRO") to the extent the motion sought to preserve the *status quo* by

avoiding removal of Petitioner and further ordered Petitioner remain in the United States

pending the Court's ruling on the merits of that motion.  November 15, 2004 Order.

Subsequently, Respondents filed a Motion to Dismiss on December 21, 2004 and

Petitioner filed a Motion for Preliminary Injunction on November 18, 2004.  A hearing on

the Motion to Dismiss and the Motion for Preliminary Injunction was set for May 12,

2005.

Following the enactment of legislation known as the REAL ID Act of 2005

("RIDA"), which significantly amends the Immigration and Nationality Act's jurisdictional

statute, 8 U.S.C. § 1252, Respondents filed their Motion to Transfer.  *See* REAL ID Act

of 2005, Pub. L. No. 109-13. Div. B, § 106(a), (c) 119 Stat. 231 (2205).  Through their

motion, Respondents aver that Section 106(c) of RIDA requires this Court transfer

Petitioner's Habeas Petition to the United States Court of Appeals for the Tenth Circuit.

Mot. to Transfer at 8.  In response, Petitioner acknowledges that RIDA effectively

divests federal courts of jurisdiction over habeas review of final orders of removal,

deportation, or exclusion, but claims this Court should retain jurisdiction over issues

relating to Petitioner's detention and to whether Petitioner was afforded due process at

---

[1]Petitioner filed an Amended Application for Writ of Habeas Corpus on November 10,
2004.

his initial expedited removal proceeding.

Upon my review of the parties' submissions and of the impact of the RIDA on the Immigration and Nationality Act, I find this Court lacks jurisdiction to consider any of the challenges raised by Petitioner's Habeas Petition.  Contrary to Petitioner's assertion, I find that Congress has specifically established a statutory procedure, in section 235(b)(1) of the Act, 8 U.S.C. § 1225(b)(1), by which immigration officers may make findings necessary to an order of expedited removal, and may order that an alien be subjected to expedited removal.[2]  Accordingly, I conclude the immigration officer's finding of a false claim of citizenship in this action does come within RIDA's coverage. More fundamentally, Section 242 of the Immigration and Nationality Act, prevents this Court from reviewing whether Petitioner is "actually inadmissible" or "entitled to any relief from removal."  See 8 U.S.C. § 1252(e)(5).  Thus, for the reasons stated in this Order and during the July 26, 2005 hearing, I find Respondents' Motion to Transfer should be granted.  Accordingly, it is

ORDERED that Respondents' Motion to Transfer Habeas Petition to Court of Appeals, filed May 17, 2005, is **GRANTED**.  In accordance with this Order, it is

FURTHER ORDERED that this entire action be **TRANSFERRED** to the United States Court of Appeals for the Tenth Circuit.  It is

---

[2]"If an immigration officer determines that an alien ... who is arriving in the United States ... is inadmissible under section 1182(a)(6)(C) [deeming inadmissible aliens who attempt entry through fraud or misrepresentation] ... of this title, the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum ... or a fear of persecution."  8 U.S.C. § 1225(b)(1)(A)(i).

FURTHER ORDERED that Petitioner's Motion Requesting Release of Petitioner,

filed June 10, 2005, is **DENIED AS MOOT**.  It is

FURTHER ORDERED that the Temporary Restraining Order granted pursuant to

this Court's November 15, 2004 Order, is **NULL AND VOID**.

Dated:  July 27, 2005

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge